# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **Norma Scott** | **Case No.:** |
| **Plaintiff,** | |
| vs. | **Judge:** |
| **Ohio Department of Public Safety - Ohio State Highway Patrol** | **COMPLAINT** |
| | **JURY DEMAND ENDORSED HEREON** |
| **And** | |
| **Lieutenant David J. Dillon** <br> **in his official and individual capacity** | |
| **Defendants.** | |

Plaintiff Norma Scott (hereinafter referred to as either "Plaintiff" or "Officer Scott"), by and through counsel, states the following as her Complaint against Defendants:

## JURISDICTION

1. This action is authorized and instituted pursuant to § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000-e, et seq. Jurisdiction is founded upon 28 U.S.C. §§1331, 1337 and 1343.

2. The unlawful discrimination and employment practices alleged below were and are now being committed within the State of Ohio and the Southern District, Western Division of this Federal Court.

3. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) excluding costs and interests.

## PARTIES

4. Plaintiff, Officer Scott, is an African American female employee with the Ohio Department of Public Safety - Ohio State Highway Patrol (hereinafter referred to as either "Defendant" or "OSHP").

5. Defendant, OSHP, is an Ohio State Agency charged with the responsibility of enforcing traffic and criminal laws on public roadways and on state-owned or leased property within Ohio and an employer within the meaning of federal and Ohio law.

6. Defendant Lieutenant Dave Dillon is a Lieutenant with the OSHP, and he is sued in his official and individual capacity. Lieutenant Dillon serves in a supervisory position and exercises significant control over the Plaintiff's conditions of employment and is therefore an employer as defined under Title VII.

7. This Court has jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") which creates federal question jurisdiction pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over any state law claim pursuant to 28 U.S.C. § 1367 on the grounds that the state law claims are so related to the federal claims included that they form part of the same case or controversy.

9. Venue is proper in this Division and District pursuant to 28 U.S.C. §1391 because Plaintiff was employed by Defendant in this Division and District and a substantial amount of the conduct giving rise to Plaintiff's claims occurred within this Division and District.

10. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). She was issued a Notice of Right to Sue on May 31, 2019 and this Complaint is filed within 90 days of receipt of the Notice.

11. Plaintiff has met all procedural prerequisites for her Title VII claim.

## FACTUAL BACKGROUND

12. Plaintiff incorporates the preceding Paragraphs, as if fully rewritten herein.

13. In June 2013, Plaintiff Norma Scott accepted a position with the Ohio State Highway Patrol as a police officer.

14. Scott is the only African American female police officer currently employed by the OSHP. The overwhelming majority of the employees of the OSHP are Caucasian males.

15. In June of 2017, Officer Scott participated in a statewide training session on terrorism with several other coworkers, including her supervisor, Lieutenant David Dillon ("Lt. Dillon").

16. After speaking about some terrorist acts, Plaintiff heard Lt. Dillon made the comment, "we need to get rid of them people like Paris did!"

17. Confused by Lt. Dillon's statement, Officer Scott asked, "Who are 'them' people?" and Lt. Dillon responded, "Brown people like you, but they will not give Trump credit for this idea…"

18. Appalled and afraid, Officer Scott reported the comments to Sergeant Mark Bocsy.

19. As a result, the OSHP opened an administrative investigation concerning Lt. Dillon's statement.

20. The investigation ultimately led to Lt. Dillon serving a three-day suspension from August 16 to August 18, 2017.

21. Lt. Dillon was not otherwise disciplined or required to undergo any sensitivity training, and he remained Officer Scott's supervisor.

22. In September 2017 and soon after Lt. Dillon served his suspension, he came back to work and immediately began making disparaging comments about Officer Scott and making it difficult for her to perform her job functions.

23. Since returning from suspension in August of 2017, Lt. Dillon has embarked in continuous and ongoing acts of harassment and retaliation against Officer Scott.

24. Some of the actions that Lt. Dillon has committed in ongoing harassment and retaliation against Scott include:

    (a) From November 2018 to June 2019, Dillon has opened or caused to be opened numerous internal investigations into Plaintiff Scott for various minor infractions. Scott has done nothing to warrant such investigations.

    (b) On several occasions, Dillon has denied or caused to be denied Scott's reasonable requests for time off, without justification.

    (c) Dillon has made numerous comments about Scott working too many special duty assignments and that she "lives above her means."

    (d) Dillon has openly said that Scott is not reliable or dependable, thus damaging Scott's reputation with the OSHP and causing her stress.

    (e) Dillon intentionally delayed giving special duty invoices to Scott, thus making her payments unreasonably late and causing Scott physical, emotional, and financial stress.

    (f) Dillon banned Scott from performing work in certain areas or in certain details without reasonable justification to do so, and despite other non-minority officers being permitted to perform work in those areas.

    (g) Dillon has denied Scott's reasonable requests for work special duty assignments and permitted other, non-minorities, to work such assignments or similar assignments. This has resulted in significant financial loss to Scott.

25. Scott expressed her concerns internally with her other supervisors and with Respondent's human resources office.  She told each of her frustration with Dillon continually treating her differently than similarly situated officers and taking actions against her that appeared retaliatory in nature.

26. Scott reported, among other things, issues concerning Dillon making racist comments, withholding her checks, and monitoring her every move.

27. On February 28, 2019, Scott filed an EEO complaint with the OSHP's internal EEO officer.

28. Despite her numerous requests and complaints about him, Dillon continues to be Scott's supervisor.

29. Defendant OSHP has failed to investigate or otherwise address Plaintiff's legitimate concerns regarding Lt. Dillon.

30. The actions of Lt. Dillion have created a hostile working environment for Scott, resulting in her having difficulty performing her job functions and requiring Scott to receive medical treatment. The inaction of Defendant OSHP in correcting the hostile work environment has exacerbated the hostile conditions for the Plaintiff.

## COUNT I
## Race Discrimination – Title VII of the Civil Rights Act and R.C. § 4112

31. Plaintiff incorporates the preceding Paragraphs, as if fully rewritten herein.

32. At all times herein relevant, Plaintiff was a member of a class protected from discrimination. Plaintiff is an African American female.

33. Defendants OSHP and Dillon have engaged in intentional race discrimination in the terms and conditions of Plaintiff's employment, including, but not limited to, excessive discipline, denial of job benefits, and discriminatory departmental policy changes.

34. During Plaintiff's employment, similarly situated non-protected employees were treated more favorably than Plaintiff.

35. Defendants' discriminatory conduct has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

36. Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

37. Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive

damages pursuant to 42 U.S.C. §1981a.

## COUNT II
## Gender Discrimination – Title VII of the Civil Rights Act and R.C. § 4112

38. Plaintiff incorporates the preceding Paragraphs, as if fully rewritten herein.

39. At all times herein relevant, Plaintiff was a member of a class protected from discrimination. Plaintiff is an African American female.

40. Defendants OSHP and Dillon have engaged in intentional gender discrimination in the terms and conditions of Plaintiff's employment, including, but not limited to, excessive discipline, denial of job benefits, and discriminatory departmental policy changes.

41. During Plaintiff's employment, similarly, situated non-protected employees were treated more favorably than Plaintiff.

42. Defendants' discriminatory conduct has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

43. Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

44. Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. §1981a.

## COUNT III
## Retaliation – Title VII of the Civil Rights Act and O.R.C. § 4112.02

45. Plaintiff incorporates the preceding Paragraphs, as if fully rewritten herein.

46. Plaintiff engaged in a protected activity by, *inter alia,* opposing the discriminatory treatment she was suffering.

47. The Defendants OSHP and Dillon intentionally retaliated against Plaintiff for engaging in one or more protected activities by

    (a) subjecting Plaintiff to discipline and changes in the department policies that had an adverse effect on Plaintiff;

    (b) otherwise discriminating against Plaintiff in the terms, privileges, and conditions of employment.

48. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages and punitive damages and all other

relief available under this section.

49. At all times herein relevant, Defendants acted in conscious and/or reckless disregard for Plaintiff's rights, with great probability that their acts and omissions would cause substantial harm to Plaintiff.

50. As the direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, included but not limited to serious emotional distress and loss of salary, benefits, and other terms, privileges and conditions of employment for which the Defendant is liable.

## COUNT IV
## Sexual Harassment / Hostile Work Environment – Title XII of the Civil Rights Act

51. Plaintiff incorporates the preceding Paragraphs, as if fully rewritten herein.

52. The Defendants discriminated against Plaintiff because of her sex and race by creating a hostile work environment and treating similarly situated non-protected employees more favorably than Plaintiff.

53. Defendants' conduct was willful, wanton, reckless, and/or malicious for which Defendants are liable for compensatory damages and punitive damages and all other relief available under this section.

54. As the direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, included but not limited to serious emotional distress and loss of salary, benefits, and other terms, privileges and conditions of employment for which the Defendants are liable.

**WHEREFORE**, Plaintiff demands judgment against all Defendants as follows:

a) That Defendants be enjoined from further unlawful conduct as described in the Complaint;

b) That Plaintiff be awarded all lost pay and benefits;

c) That Plaintiff be awarded compensatory damages;

d) That Plaintiff be awarded punitive damages (where applicable);

e) That Plaintiff be awarded pre-judgment interest;

f) That Plaintiff be awarded reasonable attorneys' fees and costs;

g) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years; and

h) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

*/s/ Chanda L. Brown*
Chanda L. Brown (0081076)
Sean L. Walton (0088401)
A.C. Sallee (0097621)
WALTON + BROWN, LLP
395 East Broad Street, Suite 200
Columbus, Ohio 43215
Telephone: (614) 636-3476
Facsimile: (614) 636-3453
Email: cbrown@waltonbrownlaw.com
swalton@waltonbrownlaw.com
asallee@waltonbrownlaw.com
*Attorneys for Plaintiff Norma Scott*

## JURY DEMAND

Plaintiff hereby requests a jury to hear all issues so triable.

*/s/ Chanda L. Brown*
Chanda L. Brown (0081076)