IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NORMA SCOTT,** | : | |
| Plaintiff, | : | CASE NO. 2:19-CV-02932 |
| v. | : | JUDGE WATSON |
| **OHIO DEPARTMENT OF PUBLIC SAFETY – OHIO STATE HIGHWAY PATROL,** *et al.,* | : | MAGISTRATE JUDGE DEAVERS |
| | : | |
| Defendants. | : | |

### DEFENDANTS' MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Ohio Department of Public Safety, Ohio State Highway Patrol ("OSHP") and Defendant David J. Dillon, by and through counsel, respectfully move this Court to dismiss the state law claims filed against Defendants in Plaintiff's Complaint. Further, Defendant Dillon also moves that this Court dismiss Plaintiff's Title VII claims against him. This Court lacks jurisdiction to hear these claims as a matter of law and Plaintiff has failed to state a claim upon which relief can be granted. A Memorandum in Support is attached.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

*/s/ Amy Ruth Ita*

AMY RUTH ITA (0074520)
*Trial Counsel*
Principal Assistant Attorney General

*/s/ Teddy R. Webb*

TEDDY R. WEBB (0097860)
Assistant Attorney General
Employment Law Section
30 East Broad St., 23rd Floor
Columbus, Ohio 43215
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
ELSReview@ohioattorneygeneral.gov

*Counsel for Defendants*

**MEMORANDUM IN SUPPORT**

**I.     Introduction**

Plaintiff's claims under R.C. Chapter 4112 must be dismissed as Defendants enjoy Eleventh Amendment immunity from suit for such claims; further, Plaintiff's Title VII claims against the individual Defendant in this matter are not proper because Plaintiff fails to plead the facts to support employer status under Title VII.  The Defendants in this case are David Dillon and the Ohio State Highway Patrol ("OSHP"), Ohio Department of Public Safety ("ODPS") (collectively the two named state defendants shall hereinafter by referred to as "OSHP", which are truly only one state department, with OSHP being a division of ODPS).

On June 7, 2019, Plaintiff Norma Scott filed a Complaint against Defendants OSHP and Dillon.  In her Complaint, Scott asserts four causes of action:

- COUNT I Race Discrimination – Title VII of the Civil Rights Act and R.C. § 4112;
- COUNT II Gender Discrimination – Title VII of the Civil Rights Act and R.C. § 4112;
- COUNT III Retaliation – Title VII of the Civil Rights Act and O.R.C. § 4112.02; and
- COUNT IV Sexual Harassment / Hostile Work Environment – Title XII [*sic*] of the Civil Rights Act.

(*See generally* Complaint ¶¶ 31-54).  This Court does not have jurisdiction over Scott's Ohio Revised Code Chapter 4112 claims contained in Counts I, II, and III, asserted against OSHP, an agency of the State of Ohio.  Further, this Court does not have jurisdiction over the Ohio Revised Code  Chapter 4112 claims, and the Title VII claims contained in Counts I, II, III, and IV, against Dillon are improper.

As set forth below, OSHP is an arm of the State of Ohio and thus is entitled to Eleventh Amendment immunity from any state law claims that are asserted against it in federal court, and has only consented to suit for such claims in Ohio's Court of Claims.  Further, not only is Dillon also entitled to Eleventh Amendment immunity from state law claims, he cannot be held

3

personally liable under Title VII. Therefore, Plaintiff's state law claims against OSHP and the state law and Title VII claims against Dillon should be dismissed by this Court as a matter of law for lack of subject matter jurisdiction.

## II. Law and Argument

### A. Standard of Review

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Defendants here make a facial attack on subject matter jurisdiction. A facial attack challenges the sufficiency of the pleading itself. Where the 12(b)(1) motion presents a facial attack, a court accepts material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party, similar to the standard for a 12(b)(6) motion. *Id.* at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)). Importantly, under 12(b)(1), "[w]hen a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order for a complaint to survive a motion under Fed. R. Civ. P. 12 (b), it must set forth factual allegations that are plausible – i.e., that raise a right to relief above the speculative level – assuming the truth of the allegations. *Twombly*, 550 U.S. 544.

In ruling on a motion to dismiss, the Court "'need not accept as true legal conclusions or unwarranted factual inferences,' and '[c]onclusory allegations or legal conclusions masquerading

4

as factual allegations will not suffice.'" *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246–47 (6th Cir.2012) (*quoting. Twombly*, 550 U.S. at 555 (2007)).

Subject matter jurisdiction "involves a court's power to hear a case . . .". *Arrambide v. Hudson*, No. 1:08-cv-0065, 2010 U.S. Dist. LEXIS 90727, at *17 (S.D. Ohio July 23, 2010) (citing *U.S. v. Cotton*, 535 U.S. 625, 626 (2002)). A defendant may attack a court's subject matter jurisdiction at any time. *Arrambide*, supra.

  **B.** **Scott's state law claims against OSHP are improper because OSHP is entitled to Eleventh Amendment immunity on such claims.**

Scott's state law claims are barred by sovereign immunity set forth in the Eleventh Amendment of the U.S. Constitution. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 120-21 (1984); *see also Dendinger v. Ohio*, 207 Fed. Appx. 521, 528-29 (6th Cir. 2006). Here, OSHP is an arm of the State of Ohio. *See Kohus v. Ohio State Highway Patrol,* 2011 U.S. Dist. LEXIS 32721, *48 (S.D. Ohio 2011) ("The two state entities, OSHP and ODPS, are entitled to sovereign immunity to the extent that Plaintiff seeks monetary damages.") Thus, OSHP is entitled to dismissal of Scott's state law claims contained in Count I, II, and III of the Complaint.

  **C.** **Scott's state law claims against Defendant Dillon are improper both in Dillon's official and personal capacity.**

Any state law claims that Scott seeks to bring against Dillon in his official capacity are also barred by sovereign immunity. As the Sixth Circuit Court of Appeals has recognized:

> The Supreme Court has squarely held that pendant state law claims against state officials in their official capacity are barred by the Eleventh Amendment . . . The

5

federal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal court immunity found in the Eleventh Amendment.

*McCormick v. Miami Univ.*, 693 F.3d 654, 664-65 (6th Cir. 2012), citing *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 520-21 (6th Cir. 2007).

In addition, Scott has failed to establish that she can sue Dillon in his individual capacity under state law. O.R.C. § 9.86 cloaks state employees with immunity from suit for performance of his/her duties, "unless the officer's or employee's actions were manifestly outside the scope of [his/her] employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." However, O.R.C. § 2743.02(F) provides the Ohio Court of Claims with exclusive jurisdiction to determine whether a state employee is not entitled to the immunity under O.R.C. § 9.86. Here, Scott alleges that Dillon is employed by OSHP. (Complaint ¶ 6). However, Scott has not alleged any facts that suggest that the Ohio Court of Claims has stripped Dillon of his immunity from suit under O.R.C. § 9.86, and her failure to allege this is fatal to her claim. *See Longstreet v. Ohio*, Case No. 1:05 CV 1749, 2005 U.S. Dist. LEXIS 30953, *7-8 (N.D. Ohio); *McCormick*, 693 F.3d at 665 (affirming dismissal of state law claims against state employees where "there was no evidence presented that an Ohio Court of Claims has determined that the defendants were not entitled to immunity."); *see also Kohus v. Ohio State Highway Patrol*, 2011 U.S. Dist. LEXIS 32721 at *47-49 (confirming that OSHP officials also enjoy immunity unless such immunity is first stripped by the Ohio Court of Claims). Accordingly, Dillon is entitled to dismissal concerning Scott's state law claims, as a matter of law.

> **D.     Scott's Title VII claims against Dillon are improper because Dillon is not subject to liability under Title VII**.

Similarly, Dillon is also entitled to dismissal concerning Scott's claims under Title VII.

6

Under Title VII, an employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). Here, Scott's Complaint is devoid of facts showing that Dillon is an "employer" as defined by Title VII. At most, Scott alleges that Dillon was her supervisor and directed the conditions of her employment. (Complaint ¶ 6). Although Defendants dispute whether Dillon qualifies as Scott's "supervisor," that allegation is insufficient to establish individual liability under Title VII for Dillon. "'An individual employee/supervisor, who does not otherwise qualify as an 'employer' may not be held personally liable under title VII.'" *Roller v. Brennan*, Case No. 2:17-cv-241, 2018 U.S. Dist. LEXIS 158043, *21 (S.D. Ohio), quoting *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997); *see also Morningstar v. Circleville Fire & EMS Dep't*, Case No. 2:15-cv-3077, 2018 U.S. Dist. LEXIS 43134, *27 (S.D. Ohio) ("It is undisputed that Title VII does not impose individual liability on employees.").

Moreover, the Sixth Circuit just recently reaffirmed its previous holding in *Wathen* that supervisors may not be held personally liable under Title VII. *See Harper v. City of Cleveland*, Case No. 18-3491,__Fed. Appx.__, 2019 U.S. App. LEXIS 18697, * 6-7 (6th Cir. June 24, 2019) (Court reaffirmed that "Title VII does not impose liability on supervisory personnel."). Holding a supervisory position and exercising significant control over employment is not the definition of "employer" found in Title VII. *See* 42 U.S.C. § 2000e(b). As Scott has not plead facts sufficient to show that Dillon is an employer, as defined by Title VII, he is entitled to dismissal with respect to any Title VII claims Scott brings against him.

**III.    Conclusion**

For the reasons discussed above, Defendant OSHP and Dillon respectfully request that this Court dismiss the state law claims contained in Counts I, II, and III and the Title VII claims

asserted against Dillon in Counts I, II, III, and IV of Plaintiff Norma Scott's Complaint in their entirety.

>Respectfully submitted,
>
>DAVE YOST (0056290)
>Ohio Attorney General
>
>*/s/ Amy Ruth Ita*
>
>AMY RUTH ITA (0074520)
>*Trial Counsel*
>Principal Assistant Attorney General
>
>*/s/ Teddy R. Webb*
>
>TEDDY R. WEBB (0097860)
>Assistant Attorney General
>Employment Law Section
>30 East Broad St., 23rd Floor
>Columbus, Ohio 43215
>(614) 644-7257 – Telephone
>(614) 752-4677 – Facsimile
>ELSReview@ohioattorneygeneral.gov
>
>*Counsel for Defendants*

## CERTIFICATE OF SERVICE

This will certify that the foregoing *Defendants' Motion to Dismiss* was filed electronically on September 9, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s/ Amy Ruth Ita*
>
>AMY RUTH ITA (0074520)
>*Trial Counsel*
>Principal Assistant Attorney General